# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| _____ | Civil Action No.: 3-13-CV-1423-JAM |
|  |  |
| PETER LUNDSTEDT, PRO PER |  |
| *Plaintiff,* |  |
| v. |  |
| DEUTSCHE BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST AND JP MORGAN CHASE BANK "JPMCB", JPMORGAN CHASE BANK AS SUCCESSOR-IN-INTEREST-TO WASHSIN-GTON MUTUAL AND LONG BEACH MORTGAGE LOAN TRUST "LONG BEACH MLT" AND JPMORGAN CHASE BANK AS OWNER OF WAMU AND LONG BEACH MORTGAGE LOAN TRUST AND SELECT PORTFOLIO SERVICING INC., | OBJECTION |
|  |  |
| *Defendants.* | MARCH 7, 2016 |
| _____ |  |

MEMORANDUM OF LAW IN SUPPORT OF

OBJECTION TO DEUTSCHE BANKS

MOTION FOR DISCHARGE OF LIS PENDENS

HEARING REQUESTED

1

The pro per Plaintiff Mr. Lundstedt, **Objects** to discharge of Mr. Lundstedts' Lis Pendens, filed on the Docket at 115 by Defendant Deutsche Bank (sued herein as Deutsche Bank National Trust Company, Trustee for Long Beach Mortgage Loan Trust) and JPMorgan Chase Bank ("DB / JPMCB"), pursuant to Connecticut General Statutes § 52-325a, et seq.   Mr. Lundstedt respectfully submits this Memorandum of Law in Support of his Motion for Discharge of Lis Pendens.

("DB / JPMCB") is asking for the federal court to remove something that is under state law and they should file in state court to get released.  Furthermore, in state court, the motion to dismiss the lis pendens is premature because the case has not been determined yet or is on appeal and as such Mr. Lundstedt is entitled to secure his judgment. Mr. Lundstedt was still injured and wrongly ejected on Aug. 3, 2015, (and is now homeless), even though, legally, ("DB / JPMCB") never had standing and the state court never had jurisdiction.  The rule of law is missing from this state case and many other state cases nation wide.  Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

### PROCEDURAL POSTURE AND FACTUAL BACKGROUND

DB's illegal prohibited foreclosure action was improperly commenced, first in 2007, withdrawn by ("DB / JPMCB") (to make way for the replacement adhesion contract), then filed eight months later by ("DB / JPMCB") with another invalid

Summons and invalid Complaint dated December 4, 2008, returnable to the Judicial District of Stamford at Stamford, CT on December 30, 2008.

Washington Mutual Bank ("WAMU") / JPMorgan Chase Bank et al., ("JPMCB") solicited Mr. Lundstedt to refinance his home in 2006.  WAMU / JPMCB, et al., lied at the illegal in excess of 12% interest instant contracts September 25, 2006 origination about Mr. Lundstedts' credit score, saying it was 100 points Lower than it actually was.  No one can lie- (CT Sec. 36a-498e - Prohibited acts).  Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

WAMU, now a division of JPMCB et al., lied in order to place the illegal in excess of 12% interest contract into a subprime security bought by many investors through bankrupt WAMU, which was later bankrupt and bought by JPMCB for pennies on the dollar.  Defendant Deutsche Bank National Trust Company TTEE For Long Beach Mortgage Loan Trust 2006-10 ("DB") as Trustee managed the trust for WAMU, then for JPMCB after JPMCB bought WAMU with its $300 Billion loan portfolio on or about September 25, 2008 for only $1.3 Billion.  DB / JPMCB waited until that transaction was done before serving invalid papers on Mr. Lundstedts' prior expired contract.

DB and the other Defendants keep violating and/or keep supporting violations of consumer protection laws with impunity because the fines are already built into their strategy as just a cost of doing business.  They could spend 95% of

the value of the WAMUs' $300 Billion loan portfolio in legal costs and still make money.   They do not care about the puny fines or the law because they keep breaking it.   Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

$13 Billion in a recent settlement with the government for violations may seem like a lot for Defendant JPMCB, who has over $2 Trillion in assets, but compared to the $298.7 Billion left over from WAMU portfolio acquisition it is small.   This is one reason Mr. Lundstedt, sued Defendants for $711 Million, which includes punitive amounts, in Fed. Court on September 26, 2013 under the following six causes of action:   First: Breach of Contract Fraud;   Second: Negligent Infliction of Emotional Distress;   Third: The Telephone Consumer Protection Act, 47 U.S.C. § 227 ET SEQ.;   Fourth: Successor-In-Interest Liability;   Fifth: Violation of The Bank Secrecy Act;   Sixth: Violations of Financial Institutions Reform Recovery And Enforcement Act (FIRREA). [1]

On April 30, 2008 the Connecticut Trial Court clearly lost jurisdiction because the invalid illegal original September 26, 2006 contract that JPMorgan

---

[1] Although not the subject of the federal court, DB, JPMCB and SPS could easily settle this out of court if they really wanted to with all charges or claims by Mr. Lundstedt dropped or withdrawn.   Mr. Lundstedt values each year of his life wasted and injured by Defendants at a minimum of $10 million per year where his injurious suffrage enters its eighth or even tenth year.   **The point is not how much Mr. Lundstedt should receive but rather how much the Defendants should be penalized in addition to reparations of $10 million per year.   Who is to say a year of his life is not worth that?**

Chase Bank, through Deutsche Bank as Trustee ("DB / JPMCB"), filed upon in Connecticut State Court was **terminated by DB / JPMCB** and they omitted the May 1, 2008 adhesion replacement contract, signed by Mr. Lundstedt under duress because they said he would loose his home if he did not sign it, causing fraud upon the court because that in excess of 12% contract was illegal and because in Connecticut you can not replace an illegal contract with another contract as it is tainted; see CT Sec. 37-4.  Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

On August 21, 2013 DB improperly filed a Motion for Judgment of Strict Foreclosure on the invalid expired in excess of 12% illegal contract, in scienter, but never filed a complaint on DBs' illegal adhesion Replacement contract, also in scienter.  Mr. Lundstedt was still injured and wrongly ejected on Aug. 3, 2015 and is now statutorily homeless even though, legally, DB / JPMCB never had standing and the state court never had jurisdiction.  Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

LAW AND ARGUMENT

I. STANDARD

DB inappropriately draws upon CT CGS Sec. 52-325a.  Here is the full Connecticut General Statutes Title 52 - Civil Actions Chapter 904 – Attachments

5

Section 52-325a - Application for discharge. Forms. Hearing.  Universal Citation:
**CT Gen Stat § 52-325a (2014)** which states the following:

> (a) Whenever a notice of lis pendens is recorded against any real
> property pursuant to subsection (a) of section 52-325, the property
> owner, if the action has not then been returned to court, may make
> application, together with a proposed order and summons, **to the
> superior court for the judicial district** to which the action is made
> returnable, or to any judge thereof, that a hearing or hearings be held to
> determine whether such notice of lis pendens should be discharged. The
> court or judge shall thereupon order reasonable notice of such
> application to be given to the Plaintiff and shall set a date or dates for
> the hearing or hearings to be held thereon. If such Plaintiff is not a
> resident of this state such notice shall be given by personal service,
> registered or certified mail, publication or such other method as the court
> or judge shall direct. At least seven days notice shall be given to the
> Plaintiff prior to the date of such hearing.

**Now Here is how DB misquoted or omitted from CT Gen Stat § Sec. 52-
325a in footnote 2:**

Connecticut General Statutes § 52-325a(a) provides, in relevant part,
that "[w]henever a notice of lis pendens is recorded against any real
property…the property **owner…may (…omitted)** make application…that
a hearing or hearings be held to determine whether such notice should
be discharged."2 Section 52-325b(a), in turn, provides that, in response to
such an application, "the Plaintiff **shall…be (…omitted)** required to
establish that there is probable cause to sustain the validity of his
claim…" See DB's complaint in **Exhibit B**.

6

Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

**And Here is how DB misquoted or omitted from CT Gen Stat § Sec. 52-325a in footnote 3:**

> § 52-325(a) permits the filing of a lis pendens only "if the action is intended to affect real property." Relative to this matter, §52-325(b), in turn, provides that the phrase "intended to affect real property" means "actions…to determine the title or rights of the parties in…real property [or] actions which may affect in any manner the title to or interest in real property…"

Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

**CT Gen Stat § Section 52-325b** states: Burden of proof at hearing. Order of court.  Universal Citation: CT Gen Stat § 52-325b (2014):  (a) Upon the hearing held on the application or motion set forth in section 52-325a, the Plaintiff shall first be required to establish that there is probable cause to sustain the validity of his claim and, **if the action alleges an illegal, invalid or defective transfer of an interest in real property**, that the initial illegal, invalid or defective transfer of an interest in real property occurred less than sixty years prior to the commencement of the action. Any property owner entitled to notice under subsection (c) of section 52-325 may appear and be heard on the issue.  (b) Upon consideration of the facts before it, the court or judge may: (1) Deny the application or motion if (A) probable cause to sustain the validity of the claim is established or (B) in an action that alleges an illegal, invalid or defective transfer of an interest in real property, probable cause to sustain the validity of the claim is established and the initial illegal, invalid or defective transfer of an interest in real property occurred less than sixty years prior to the commencement of the action, or (2) order such notice of lis pendens discharged of record if (A) probable

cause to sustain the validity of the Plaintiff's claim is not established or (B) in an action that alleges an illegal, invalid or defective transfer of an interest in real property, the initial illegal, invalid or defective transfer of an interest in real property occurred sixty years or more prior to the commencement of the action.

**This was an illegal, invalid or defective transfer of an interest in Mr. Lundstedts' real property**. Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

**CT Gen Stat § Sec. 52-325d** states: Motion for discharge of invalid notice of lis pendens. In any action in which (1) a notice of lis pendens was recorded which is not intended to affect real property, or (2) the recorded notice does not contain the information required by subsection (a) of section 52-325 or section 46b-80, as the case may be, or (3) service of process or service of the certified copy of the notice of lis pendens was not made in accordance with statutory requirements, or (4) when, for any other reason, the recorded notice of lis pendens never became effective or has become of no effect, any interested party may file a motion requesting the court to discharge the recorded notice of lis pendens. If the court finds that such notice never became effective or has become of no effect, it shall issue its order declaring that such notice of lis pendens is invalid and discharged, and that the same does not constitute constructive notice. A certified copy of such order may be recorded in the land records of the town in which the notice of lis pendens was recorded.

**And here is how DB misquoted or omitted from CT Gen Stat § Sec. 52-325d:**

Connecticut General Statutes § 52-325d provides, in relevant part, that "[i]n any action in **which...service (...omitted)** of the certified copy of the notice of lis pendens was not made in accordance with the statutory **requirements...any (...omitted)** interested party may file a motion requesting the court to discharge the recorded notice of lis pendens."

Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

DB goes on to say the following:

"Specifically, any claims that Plaintiff had relating to his 2006 mortgage loan origination expired well before the filing of this action and are, thus, barred by the applicable statute of limitations."

For the reasons more fully set forth in Mr. Lundstedt's Response / Objection (Doc. No. 103), the factual and legal claims in which are hereby incorporated herein as if fully set forth, as for DB's statute of limitations argument above, Mr. Lundstedt has already proven in his response at Docket No. 103 and other filings that all of his claims fall within statutes of limitations which includes exceptions. Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

The Court should also notice that DB was trustee **at all times**, first over WAMU and then JPMCB's trust assets, and has been continuously up to the present.  Furthermore, DB fails to state a claim and the Court does not have jurisdiction because they deliberately sued, December 4th, 2008, on an excess of 12% illegal expired contract that expired on April 30, 2008, in violation of CT Gen Statue

9

37a-d, to avoid the tainted replacement adhesion contract (which DB created and signed replacing the original), yet they continued to sue even when they knew the old contract was illegal and invalid and even while Mr. Lundstedts' injuries were compounding.   Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

Defendants never told Mr. Lundstedt that he might be injured by their obvious illegal and incompetent activities.  DB deliberately placed Mr. Lundstedt into an illegal and injurious adhesion contract the next day on May 1st, 2008 after the original contract had expired on April 30, 2008 and the other Defendants knew it but afterwards ignored Mr. Lundstedts' repeated requests for help for over the next eight years.  Nor did they respond effectively with sincerity to Mr. Lundstedts' repeated complaints.  Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

DB goes on to say the following:

"Plaintiff's admission that DB did not make any of the phone calls on which he premises his NIED and TCPA claims renders those claims invalid and, in any event, such conduct, as alleged, does not give rise to a colorable claim of NIED. Finally, Plaintiff's claims under the BSA and FIRREA are likewise subject to dismissal as neither of those statutes affords a private right of action for Plaintiff's alleged wrongs."

Mr. Lundstedt has already proven in his response at Docket No. 103 and other filings that all of his claims are definitively colorable and do afford private right of action.  DB aided and abetted the other Defendants and that all Defendants

have aided and abetted each other resulting in serious injuries to Mr. Lundstedt. Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

## CONCLUSION

In summary, Mr. Lundstedt <u>Objects</u> to the Motion for Discharge of Lis Pendens for the following reasons:

1.   DB is inappropriately asking the federal court to remove something that is under state law and they should file in state court to get any release.   Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

2.   The motion to dismiss the lis pendens is premature because the case has not been determined yet or is on appeal and as such Mr. Lundstedt is entitled to secure his judgment.   Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

3.   This is a state court question not a federal question.   CT Gen Stat § 52-325a (2014) states: "...if the action has not then been returned to court, may make application, together with a proposed order and summons, **to the "<u>superior court</u>" for the judicial district** to which the action is made

11

returnable, or to any judge thereof..."; emphasis added.  It does not say the federal district court.  DB misquotes the law in footnote 2 leaving out information as omitted here:

> "C.G.S. § 52-325a(c) provides that "[i]f the action for which the notice of lis pendens was recorded, is pending before any court, the property owner **may...move (...omission)** that such notice of lis pendens be discharged of record."

4.    **The Court should take notice that DB, in scienter, specifically left out pertinent information.**  Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

5.    Mr. Lundstedt attests that he properly served DB.  This is where DB is perhaps most disingenuous.  It is unknown why DB needs to rely on false statements other than they just have no defense, as it is starting to look like.  They were the overseers of every injury Mr. Lundstedt suffered.  DB never told Mr. Lundstedt that injuries could occur by WAMU and then by JPMCB, both who stalked him for years in violation of the TCPA and other laws. [2]  Because of that Mr. Lundstedt asks the court to deny DB's

---

[2]    Even the United States Senate is horrified by this debt stalking plague where, on March 6th, 2016, the NY Post most recently quotes Senator Schumer as saying: "The bottom line is, if robocalls were a disease, they'd be a national epidemic and we would have the best and brightest working to combat the scourge." (and it is a disease which the all Defendants upper managements support.)  See **EXHIBIT A.**

motion for discharge of lis pendens and deny Defendants motion to dismiss.

6.    Mr. Lundstedt Objects to DB's Exhibit A because it is invalid because it states that "a mortgage from Mr. Lundstedt to Mariner's Capital". This mortgage was dissolved and released when DB created the adhesion replacement contract on May 1, 2008. Footnote 1 of Exhibit A only refers to the expired contract. It also states that the mortgage was assigned to DB by assignment of mortgage dated April 8, 2008 and recorded April 22, 2008 in the Greenwich Land Records.   How could that happen if there was a new contract and a new mortgage signed on May 1, 2008? DB failed to properly register after the new adhesion contract was supposed to come into effect.   DB's Exhibit A is an invalid and improper Certificate of Foreclosure. Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

7.    The reason DB is filing this motion in federal court is because they do not want to file in state court because a hearing is required where Mr. Lundstedt could finally tell the state court on record what really happened which might reopen and draw attention to the illegal case which is on appeal. Because of that Mr. Lundstedt asks the court to deny DB's motion for discharge of lis pendens and deny Defendants motion to dismiss.

In sum, all of Mr. Lundstedt's claims against DB have overwhelming evidence of probable cause and because of that Mr. Lundstedt is entitled to and asks the Court to enter an order **DENYING DB** its motion for discharge of the Lis Pendens.   Mr. Lundstedt's is entitled as well to and asks the Court to enter an order **DENYING DB's** motion to dismiss.

For the reasons set forth herein, and pursuant to Connecticut General Statutes §§ 52-325b(a) and 52-325d(3), DB is <u>not</u> entitled to the entry of an Order for discharge of the recorded Lis Pendens and Mr. Lundstedt respectfully requests that the Court deny the motion for an order of discharge.   Mr. Lundstedt respectfully requests that the Court deny the all Defendants motions for dismissal of the instant case.

As a Pro Se Petitioner, Mr. Lundstedt, is entitled to liberal reading and interpretation of his pleadings by the court. See: Haines v. Kerner, 404 U.S. 520 (1971) where  The U.S. Supreme Court held that pro se pleadings should be held to "less stringent standards" than those drafted by attorneys. "However inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  In Es-telle, Corrections Director, Et Al. v. Gamble 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); the court stated "Rule 8(f) provides that "pleadings shall be so construed as to do substantial justice" and the

14

courts frequently have stated that pro se pleadings are to be given a liberal construction."See: Baldwin Co. Welcome Center v. Brown, 466 U.S. 147 (1984).


THE PLAINTIFF:

By:
Peter Lundstedt, Pro Per
44 Amogerone Xway No. 8122
Greenwich, CT  06836
203-733-0311

15

## ORDER

## CERTIFICATION

I hereby certify that on this 7th day of March, 2016, a copy of the foregoing was mailed postage prepaid or electronically delivered to:

Halloran & Sage LLP                     Hunt Leibert
One Goodwin Square                      50 Weston Street
225 Asylum Street                       Hartford, CT 06120
Hartford, CT 06103


Franklin & Berg
9 Mott Avenue, Suite 204
Norwalk CT 06850


Zeichner Ellman & Krause
35 Mason Street
Greenwich, CT 06830




THE PLAINTIFF:



By:
Peter Lundstedt, Pro Per
44 Amogerone Xway No. 8122
Greenwich, CT  06836
203-733-0311


17