**OBJECTION:**
**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

# EXHIBIT 1

**OBJECTION:**

**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

**Summary Of Plaintiffs**

Document Omission Objections Plaintiffs' Objections And Offers Of Proof of the Omissions Of Plaintiffs' Vitally Relevent Exhibits From Jury Consideration In Chronological Order.

Instructions: Each illustration is notated on the exhibit itself. You can also enlarge the illustrations.

**Objection:** *These objections present the Court with the following issue: At trial, Chase said that plaintiff never once told them to stop calling. Here, nearly all of the documents below show that plaintiff told Chase to stop calling him repeatedly. Was Chase even slightly liable to the plaintiff? Did plaintiff experience any emotional distress due to any of Chases servicing activities? Did Chase Cause any of plaintiffs emotional distress?*

# 2008
# Chases First Call to Plaintiff

This document would have shown the jury that Chases first call to plaintiff using WaMu's old robo calling, automatic calling machine was on 9-30-2008. Chase also has WaMu's call logs which they refuse to give the plaintiff in discovery which plaintiff objects to Chase not providing WaMu's call logs AND accout records and notes before and after Chase took over as servicer on 9-26-2008.

```
3270 Explorer: Delinquency 7 - Comment Maintenance (DLQ7/LIST)

Loan Number: [REDACTED]                              Borrower Name: LUNDSTEDT,PETER S
DLQ7 0698537610         QX  D E L I N Q U E N C Y           07/13/16 01:29:49
DATES: 010101 - 071416  TYPE:         PRINT:       DUE: 06/01/08
   MTGR: PS LUNDSTED  13   CONV. RES.    INV: BCS  LP: 022713  LNP: 050113
   CO-MTGR:              15 LAFAYETTE CT 3A        REMND:     0.00 022713
   PER/CLS/OFF: 0/  /00   GREENWICH CT 06830
---------------------------------* COMMENT MAINTENANCE *---------- PAGE 116 OF 116 -
A  DATE   TIME   USR   PROD  EXC CONTACT/RESPONSE/REASON    RECALL  F/B AMT REMIND
   093008 06:48  FSM          N                              _:__    00.00
          899 CALLD HOME
```

2

**OBJECTION:**
**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

This record would have shown the jury that plaintiff sent in his modification documents, AGAIN, on 12-5-2008, one day after Chase filed their foreclosure suit.

# 2008 A

### 3270 Explorer: Delinquency 7 - Comment Maintenance (DLQ7/LIST)

Loan Number: [redacted]   Borrower Name: LUNDSTEDT, PETER S

```
DLQ7                              QX   D E L I N Q U E N C Y              07/13/16 01:29:38
DATES: 010101 - 071416   TYPE:         PRINT:                  DUE: 06/01/08
     MTGR: PS LUNDSTED   13   CONV. RES.        INV: BCS    LP: 022713  LNP: 050113
     CO-MTGR:            15 LAFAYETTE CT 3A                 REMND:      0.00 022713
     PER/CLS/OFF: 0/ /00    GREENWICH CT 06830
---------------------------------* COMMENT MAINTENANCE *--------- PAGE 106 OF 116 -
A  DATE   TIME  USR  PROD  EXC CONTACT/RESPONSE/REASON       RECALL   F/B AMT REMIND
   120908 00:00 ***        N                                   _:_     00.00
          < ORIGINAL OWNER          CONDITION ON 120508   FNFS    >
   120508 17:40 PBH   N    N                                   _:_     00.00
          899 S/W BORR #1                VRFD HP/BP/SS#
   120508 17:40 PBH   N    N                                   _:_     00.00
          <CLLD BWR ADVSD OF LOAN STAT....WANTED TO DO MOD >
          <DID DLQ3 UPDATED...RFD CURT INCOME.....WILL REFER T>
          <O MOD DEPT...JOE N X01521 WILL SEND IN MOD DOCS   >
   120508 17:40 PBH   N    N                                   _:_     00.00
          <HRDSHP LETTER..INCOME AND BANK STATMENTS...       >
   120508 17:37 PBH   N    N                                   _:_     00.00
          899                           MOD REFERRAL
   120408 00:00 ***        N                                   _:_     00.00
          <SCORE 122  120308 AGT E90S DAYS DEL 186 RISK F   >
   120208 11:53 SBB   N    N                                   _:_     00.00
```

This shows plaintiff did send in modification documents Chase said they needed but nothing ever came of any offers. Chase would then send unreasonable requests for so much paperwork that it was impossible to do.

3

## OBJECTION:
**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

Had the jury seen the following record would they have concluded that plaintiff told Chase that he could not afford Deutsche Banks 5-1-2008 loan modification on Nov 25, 2008, but then called plaintiff for 5 more years without giving him a loan he could afford. Did Chase not want to change the terms because of the security element and that it might cost them to pay back $100,000 in commissions and fee's?

# 2008 B

### 3270 Explorer: Delinquency 7 - Comment Maintenance (DLQ7/LIST)

```
Loan Number: [REDACTED]                                    Borrower Name: LUNDSTEDT,PETER
DLQ7                               QX  DELINQUENCY              07/13/16 01:29:41
DATES: 010101 - 071416   TYPE:       PRINT:            DUE: 06/01/08
        MTGR: PS LUNDSTED  13    CONV. RES.   INV: BCS  LP: 022713  LNP: 050113
CO-MTGR:                  15 LAFAYETTE CT 3A            REMND:       0.00 022713
PER/CLS/OFF: 0/  /00  GREENWICH CT 06830
-----------------------------* COMMENT MAINTENANCE *--------- PAGE 109 OF 116 -
A  DATE   TIME  USR  PROD EXC CONTACT/RESPONSE/REASON    RECALL  F/B AMT REMIND
   112808 12:19 JIN   R    N                              _:__        00.00
          899                      UNCOOP/UNCONCERNED
   112508 17:16 A$I   N    N                              _:__        00.00
          <CANNOT AFFORD THE PREVIOUS MOD WANTS A VERY LOW RAT>
          <E AND PMT                                    >
   112508 17:13 A$I   N    N                              _:__        00.00
          <ADV TO DO A S/SALE OR DIL                    >
   112508 17:13 A$I   R    N                              _:__        00.00
          899                      UNABLE TO COMMIT
   112508 17:11 A$I        N                              _:          00.00
          899                                         CURTAILMENT/INCOME
   112508 17:10 A$I   Y    N                              _:          00.00
          899 CALLD HOME            VRFD HP/BP/ML/PROP   OWNER OCC
   112508 15:08 AKO   N    N                              _:          00.00
          <CLSD FRUESC TSK, SENT EM TO K CRAWFORD TO FIND OUT >
```

Chase called plaintiff on 11-25-2008 where plaintiff said he could not afford the 5-1-2008 Deutche Bank as Owner Modification. Then on 11-28-2008 Chase calls back and notes "UNCOOP". Plaintiff was NOT unconcerned. This shows plaintiff did not want to hear from Chase just 3 days later. Note that Chase just called me and noted why they called me but on 11-28-2008 Chase notes nothing except that plaintiff was uncoop. Plaintiff was distressed that Chase was calling againg when he just spoke with them. Chase notes no reason for the 11-28-2008 call. It was the computer that was set to harass 3 days later under a program that Chase wrote because it was their internal calling machine.

Why else would they call 3 days later? Their calls were profit oriented. The calls were intended to move the plaintff by use of irritating calls meant to harass. What other reason whold Chase have to call 3 days later if plaintiff told them he could not afford the payments?

4

# OBJECTION:
## The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.

**Objection:** This objection presents the Court with the following issue:  Plaintiffs Factual Proof.  Under Federal law, the factual dispute must be genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury reasonably could find for the plaintiff." Id. at 252.  Here, the jury never saw the plaintiffs' proof.  Would the documents below have shown the jury that plaintiff told Chase to stop calling him, and then kept calling, while at trial, Chase said that plaintiff never once told them to stop calling, when all of the documents show that plaintiff told Chase to stop calling him repeatedly?  Was Chase liable the plaintiff?  Did plaintiff experience emotional distress?  Did Chase Cause plaintiffs emotional distress?

This is why plaintiffs' omitted discovery of his Chases account records was so important, and why Chase so eagerly handed over 116 pages of damaging proof of wrongdoing, of which the jury did not see the important illustrations, only meaningless portions as a distraction from fear of liability, or in the alternative, ask Chase why they never gave the plaintiff a loan he could afford when Chase and Deutsche Bank and SPS, Inc. knew that both loans were prohibited under CT Pa 1-34(5),(8) and (9). [1]  Did the jury hand down an improvidential ruling due to a massive lack of evidence that would have proven his claims but was prohibited from seeing Any of plaintiffs proof?

---

[1]  https://www.cga.ct.gov/2002/rpt/2002-R-0855.htm   Public Act No. 01-34 - An Act Concerning Abusive Home Loan Lending Practices. https://www.cga.ct.gov/2001/act/Pa/2001PA-00034-R00HB-06131-PA.htm

**Sec. 5. (NEW 2001)** A high cost home loan shall not provide for or include the following:  **(2) A** payment schedule with regular periodic payments that cause the principal balance to increase;
**Sec. 7. (NEW 2001)** In the making of a high cost home loan no lender shall: (2) Sell or otherwise **assign** such loan without furnishing the following statement to the purchaser or assignee: "Notice: This is a loan subject to special rules under the Connecticut Abusive Home Loan Lending Practices Act. Purchasers or assignees of this loan could be liable for all claims and defenses with respect to the loan that the borrower could assert against the lender"; LIABILITY?  **Sec. 7. (5)** Make such loan unless the lender reasonably believes at the time the loan is consummated that the borrower will be able to make the scheduled payments to repay the loan based upon a consideration of the borrower's

5

**OBJECTION:**
**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

current and expected income, current obligations, employment status, and other financial resources, excluding the borrower's equity in the dwelling that secures repayment of the loan. The borrower shall be presumed to be able to make the scheduled payments to repay the loan if at the time the loan is consummated, or at the time of the first rate adjustment in the case of a lower introductory interest rate, the borrower's monthly debts, including amounts owed under the mortgage, do not exceed fifty per cent of the borrower's monthly gross income, as verified by borrower's signed financial statement, credit report, payment records for employment income; **Sec. 7. (8)** Make such loan to a borrower that refinances an existing loan unless the high cost home loan provides a benefit to the borrower considering all of the circumstances, including the terms of both the new and refinanced loans, the cost of the new loan, and the borrower's circumstances; **Sec. 7. (9)** Make such loan with an interest rate that is unconscionable. A lender shall base the interest rate for a high cost home loan on proper and reasonable factors including, but not limited to, creditworthiness, other risk related standards and sound underwriting. For purposes of this subdivision, an interest rate that is not based on such factors, or that significantly deviates from industry standards for making that type of high cost home loan, shall be deemed unconscionable; and

**OBJECTION:**
**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

# 2009 B

This document would show the jury that plaintiff told Chase he did not want the calls to continue. Notice plaintiff was so mad that he hung up on Chase. That would show the jury he was distressed by the call and that Chase was the cause of that distress.

[Image of 3270 Explorer: Delinquency 7 - Comment Maintenance (DLQ7/LIST) screen for Loan Number [redacted], Borrower Name: LUNDSTEDT, PETER S. Entries dated 062709 13:28 FXG with comments: "TRANSCRIPTS OF ALL CALLS..ADVSD IF THIS TRULY IS A LEGAL MATTER THN WILL NEED TO SUPEONA RECORDS HE CN T JST VERBALLY REQST THEM..BWR STS HE IS HIS OWN ATTY..BWR DOESNT WNT CALLS 2 CONTINUE..TOLD HIM 2 S ND WRITTEN CEASE & DESIST..BWR HUNG UP AFTER THT"]

This one call log would show the jury that all three elements of the jury instruction. 1. Chase is liable because plaintiff said he did not want the calls to continue. 2. Plaintiff was so distressed that he wanted all transcripts of calls because he did not believe Chase was listening to him, and transcripts of the calls would show that, plaintiff felt, Chase was not writing everything down, but that the plaintiff felt so angry that he demanded two years of transcripts to show that Chases calls were improper. This shows that plaintiff suffered emotiontional distress.

Plaintiff hung up the phone because he was furious about Chases calls and because of that Chase caused plaintiffs emotional distress.  Objection: Under Rule 37, Chase never allowed plaintiff to depose any callers Objection: Chases callers had every dissincentive to notate complaints as they may be reluctant to notate anything negative about their own company.  Only if the calls were made by a disinterested third party who was not paid by Chase would they not be prejuditial to the called plaintiff.  Chase rarely noted plaintiffs complaints.  Chase also called plaintiff to collect a debt from outside the call logs which Chase did not disclose but which plaintiff shows in his own home and cell phone Verizon bills.  Chase used the outside numbers to conceal from the regulators calls made to cell phones in violation of the TCPA and the FDCPA.

7

# OBJECTION:
**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

1. **Objection:** This objection presents the Court with the following issue: At the risk of seeming to be forthright, the plaintiff would like to ask if the documents below would have shown the jury that plaintiff told Chase to stop calling him. I'm sorry to say it, but Chase confirmed it with a confirmation letter, then kept calling, but then, while at trial, Chase said that I never once told them to stop. It would seem that User FXG below might disagree as it appears that he put into writing, his interpretation, of what I said, in Chases call logs by physically pressing on the keys of his computer key board the words: **"BWR DOESN'T WANT CALLS TO CONTINUE**…TOLD HIM TO SEND A WRITTEN CEASE AND DESIST…BWR HUNG UP AFTER THAT." Plaintiff would have asked the jury ;"What Does That Mean"?

   Plaintiff finally left Chase by Hanging up on the caller because he was livid and frustrated by Chase not addressing his prohibited loans. Chase never send a reason why they did not address the probited loans. Chase never told plaintiff why they did not address Deutsche Banks modifying his loan requiring him to make monthly payments of over $10,000 when plaintiff could only afford $500 a month, AND THEN, after five years of calling him, why Chase and giving him tryouts he could not even close paying. After telling Chase to not call him again plaintiff hung up. But Chase did not notate that in their call logs, just that plaintiff hung up.

   Were Chase callers directed by supervisors to edit their call log notations to exclude discussions of harassment and abuse by Chase? After that, Chase made the decision to keep calling me. I told Chase to stop calling me many times after that but Chase rarly, if every, wrote down anything bad about their company. Were the call logs biased in favor of Chase and precuditial to the plaintiff? Then, after having been sued for $70 million for making excessive calls, in Conner, It seems that Chase was a little more receptive to plaintiffs request two years later me for three more years. Was Chase liable the plaintiff? Did plaintiff experience emotional distress? Did Chase Cause plaintiffs emotional distress?

8

**OBJECTION:**

**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

This document would have shown the jury that plaintiff did not want to be called so they could very well foresee that future calls could be injurious. Chase had a duty to stop calling plaintiff when he demanded it. Neither did Chase have consent to call, yet they called for four more years showing no respect for the plaintiff or their business relationship. Chase violated the FDCPA.

# 2009 B

This document would show the jury that plaintiff told Chase he did not want the calls to continue. Notice plaintiff was so mad that he hung up on Chase. That would show the jury he was distressed by the call and that Chase was the cause of that distress.

```
3270 Explorer: Delinquency 7 - Comment Maintenance (DLQ7/LIST)

Loan Number:                                        Borrower Name: LUNDSTEDT,PETER S
DLQ?                         QX  D E L I N Q U E N C Y      07/13/16 01:29:15
DATES: 010101 - 071416  TYPE:        PRINT:        DUE: 06/01/08
MTGR: PS LUNDSTED  13   CONV. RES.   INV: BCS      LP: 022713  LNP: 050113
CO-MTGR:                15 LAFAYETTE CT 3A         REMND:       0.00 022713
PER/CLS/OFF: 0/   /00   GREENWICH CT 06830
-------------------------* COMMENT MAINTENANCE *---------  PAGE  85  OF 116 -
A  DATE   TIME  USR  PROD  EXC  CONTACT/RESPONSE/REASON   RECALL  F/S AMT REMIND
   062709 13:28 FXG   N    N                                  :       00.00
                <TRANSCRIPTS OF ALL CALLS..ADVSD IF THIS TRULY IS A >
                <LEGAL MATTER THN WILL NEED TO SUPEONA RECORDS RE CN>
                <T JST VERBALLY REQST THEM..BWR STS HE IS HIS OWN   >
   062709 13:28 FXG   N    N                                  :       00.00
                <ATTY..BWR DOESNT WNT CALLS 2 CONTINUE..TOLD HIM 2 S>
                <NO WRITTEN CEASE & DESIST..BWR HUNG UP AFTER THT   >
   062709 13:25 FXG   N    N                                  :       00.00
                899 S/W BORR #1        OTHER TYPE OF CALL
   062709 13:25 FXG        N                                  :       00.00
                899 CLD OTHER
   061109 00:00 ***        N                                  :       00.00
                <SCORE 110   061009 AGT E90S DAYS DEL 375 RISK F   >
   061009 00:00 ***        N                                  :       00.00
                < ORIGINAL OWNER       CONDITION ON 060809  FNFS   >
```

This one call log would show the jury that all three elements of the jury instruction. 1. Chase is liable because plaintiff said he did not want the calls to continue. 2. Plaintiff was so distressed that he wanted all transcripts of calls because he did not believe Chase was listening to him, and transcripts of the calls would show that, plaintiff felt, Chase was not writing everything down, but that the plaintiff felt so angry that he demanded two years of transcripts to show that Chases calls were improper. This shows that plaintiff suffered emotiontional distress.

Plaintiff hung up the phone because he was furious about Chases calls and because of that Chase caused plaintiffs emotional distress. Objection: Under Rule 37, Chase never allowed plaintiff to depose any callers Objection: Chases callers had every dissincentive to notate complaints as they may be reluctant to notate anything negative about their own company. Only if the calls were made by a disinterested third party who was not paid by Chase would they not be prejudital to the called plaintiff. Chase rarely noted plaintiffs complaints. Chase also called plaintiff to collect a debt from outside the call logs which Chase did not disclose but which plaintiff shows in his own home and cell phone Verizon bills. Chase used the outside numbers to conceal from the regulators calls made to cell phones in violation of the TCPA and the FDCPA.

# OBJECTION:

**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

This document would have shown the jury that plaintiff complained about Chase calling every day. Then Chase called him the next day, 3 times! and then multiple times again the next day. Plaintiff was at home and felt totally harassed by Chases calls even after Chase knew he was a disabled vet with symptoms of PTSD. Plaintiff just did not pick up the phone because he feared it would be Chase asking the same questions.

# 2010

```
3270 Explorer: Delinquency 7 - Comment Maintenance (DLQ7/LIST)

Loan Number: [REDACTED]                          Borrower Name: LUNDSTEDT,PETE
DLQ7 [REDACTED]         QX   D E L I N Q U E N C Y        07/13/16 01:28:51
DATES: 010101 - 071416  TYPE:        PRINT: _        DUE: 06/01/08
     MTGR: PS LUNDSTED 13   CONV. RES.    INV: BCS  LP: 022713  LNP: 050113
  CO-MTGR:              15 LAFAYETTE CT 3A          REMND:       0.00 022713
  PER/CLS/OFF: 0/  /00  GREENWICH CT 06830
---------------------------------* COMMENT MAINTENANCE *--------- PAGE  63 OF 116 -
A  DATE   TIME  USR  PROD  EXC  CONTACT/RESPONSE/REASON  RECALL   F/B AMT REMIND
   032510 13:30 FX4   N    N                              _:_     00.00
          899 CALLD HOME         CALLED-NO MSG LEFT
   032510 12:13 HH5   N    N                              _:_     00.00
          899 CALLD HOME         CALLED-NO MSG LEFT
   032410 16:57 VCE   N    N                              _:_     00.00
          899 CALLD HOME         CALLED-NO MSG LEFT
   032410 15:34 GOW   N    N                              _:_     00.00
          899 CALLD HOME         CALLED-NO MSG LEFT
   032410 14:18 JEJ   N    N                              _:_     00.00
          899 CALLD HOME         CALLED-NO MSG LEFT    OB CALL FORECLOSURE
   032310 18:27 VCW   N    N                              _:_     00.00
          <S/W BORR WANTING TO KNOW WHY CALLING EVERY DAY ADVI>
          <SED IT IS SYSTEM CALLING ABOUT DELINQ. ACCT MOD NO>
          <T COMPLETE
   032310 18:22 VCW   N    N                              _:_     00.00
```

## OBJECTION:
### The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.

This document would have shown the jury that plaintiff told them to stop calling and even demanded Chase cease and desist which is a term used to make a legal threat to stop because you are at the end of your rope and are so made that you have to threaten them to stop, and they still keep calling, interupting plaintiffs business and life over and over again.

# 2011

```
3270 Explorer: Delinquency 7 - Comment Maintenance (DLQ7/LIST)

Loan Number:                                    Borrower Name: LUNDSTEDT, PETER S
DLQ7                     QX   DELINQUENCY              07/13/16 01:28:35
DATES: 010101 - 071416   TYPE:       PRINT:       DUE: 06/01/08
    MTGR: PS LUNDSTED  13   CONV. RES.    INV: BCS   LP: 022713 LNP: 050113
    CO-MTGR:           15 LAFAYETTE CT 3A           REMND:     0.00 022713
    PER/CLS/OFF: 0/ /00  GREENWICH CT 06830
-----------------------------* COMMENT MAINTENANCE *---------- PAGE  49 OF 116 -
A  DATE   TIME  USR  PROD  EXC  CONTACT/RESPONSE/REASON   RECALL   P/B AMT REMIND
   021111 15:13 G5L   N    N                                 :_       00.00
          <APPROVED LETTER CL909                              >
   021111 10:51 G5L   N    N                                 :_       00.00
          899 RESEARCH           LETTER SENT
   021111 10:51 G5L   N    N                                 :        00.00
          <CEASE AND DESIST HAS BEEN UPDATED, NMBRS RMVD PER  >
          <HLEOS' & BWRS' REQUEST
   021111 10:42 G5L   N    N                                 :_       00.00
          899 RESEARCH           CEASE & DESIST
   021111 10:42 G5L   N    N                                 :        00.00
          <REC REQ FOR CEASE AND DESIST                       >
   021011 17:29 5U9   N    N                                 :_       00.00
          899 RIGHT FAX          CORR RECEIVED
   021011 17:29 5U9   N    N                                 :_       00.00
          <RECV EXEC OFFICE REQ TO CND LOAN IS SECURITIZED    >
```

11

**OBJECTION:**
**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

# 2012

3270 Explorer: Delinquency 7 - Comment Maintenance (DLQ7/LIST)

```
Loan Number: ████████                                    Borrower Name: LUNDSTEDT,PETER S
DLQ7                        QX  D E L I N Q U E N C Y         07/13/16 01:28:11
DATES: 010101 - 071416   TYPE:       PRINT: _     DUE: 06/01/08
    MTGR: PS LUNDSTED  13    CONV. RES.    INV: BCS  LP: 022713   LNP: 050113
    CO-MTGR:                 15 LAFAYETTE CT 3A      REMIND:      0.00 022713
    PER/CLS/OFF: 0/  /00  GREENWICH CT 06830
    ----------------------------* COMMENT MAINTENANCE *---------- PAGE  27 OF 116 -
  A DATE   TIME  USR  PROD  EXC CONTACT/RESPONSE/REASON   RECALL    F/B AMT REMIND
    071312 13:44 H6X   R    N                              _:_      00.00   _____
           DR1 'DIAL PR RES     WIP WORKOUT IN PROG
    070912 12:17 H6X   R    N                              _:_      00.00   _____
           DR1 'DIAL PR RES     WIP WORKOUT IN PROG
    070612 19:32 H6X   N    N                              _:_      00.00   _____
                                NCT NO CONTACT
    070212 08:41 H6X   R    N                              _:_      00.00   _____
           DR1 'DIAL PR RES     WIP WORKOUT IN PROG
    062812 08:34 H6X   R    N                              _:_      00.00   _____
           WLC 'WELCOME CALL    WIP WORKOUT IN PROG
    062112 10:30 H6X   N    N                              _:_      00.00   _____
                                NCT NO CONTACT
    062012 13:32 AUT   Y                                   _:_      00.00   _____
           <LP: 2026221305, 2038610035                        >
           <Additional Phone Numbers                           >
```

Chase auto-dialer starts calling plaintiffs' PR RES or Primary Residence.

**OBJECTION:**
**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

# 2013 A

### 3270 Explorer: Delinquency 7 - Comment Maintenance (DLQ7/LIST)

```
Loan Number: ████████                          Borrower Name: LUNDSTEDT,PETER S
DLQ7  ████████        QX  D E L I N Q U E N C Y       07/13/16 01:28:03
DATES: 010101 - 071416  TYPE:        PRINT:           DUE: 06/01/08
    MTGR: PS LUNDSTED  13   CONV. RES.    INV: BCS  LP: 022713  LNP: 050113
    CO-MTGR:               15 LAFAYETTE CT 3A        REMND:       0.00 022713
    PER/CLS/OFF: 0/  /00   GREENWICH CT 06830
--------------------------------* COMMENT MAINTENANCE *--------- PAGE  19 OF 116 -
A  DATE   TIME   USR  PROD  EXC CONTACT/RESPONSE/REASON   RECALL  F/B AMT REMIND
   020113 09:10  (M2   N    N                             _:_       00.00
          TLO 'TELE OTHER      NML NO MESSAGE LEFT        COI CURT OF INCOME
   011513 00:00  ***        N                             _:_       00.00
          < ORIGINAL OWNER    CONDITION ON 011213         SPI _:_
   010513 00:00  ***        N                             _:_       00.00
          <BROKEN-PLAN   NOT PAID
   010513 09:20  (M2   N    N                             _:_       00.00
          <DELQ STAT =       REASON FOR DELQ = 006
   010513 09:20  (M2   N    N                             _:_       00.00
          TLO 'TELE OTHER      NML NO MESSAGE LEFT        COI CURT OF INCOME
   122612 12:52  (M2   N    N                             _:_       00.00
          <DELQ STAT =       REASON FOR DELQ = 006
   122612 12:52  (M2   R    N                             _:_       00.00
          TLO 'TELE OTHER      WIP WORKOUT IN PROG        COI CURT OF INCOME
   121412 11:20  (M2   N    N                             _:_       00.00
```

Of course their unsuitable trial payment plan would break. Plaintiff could only afford $500 per month and Chases trial was for $11,362.87? Chase knew it would fail.

**OBJECTION:**
**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitiffs injuries.**

This document would have shown the jury that Chase baited plaintiff with more false offers that he could not afford.

## 2013 B

**3270 Explorer: Delinquency 7 - Comment Maintenance (DLQ7/LIST)**

Loan Number: [redacted]   Borrower Name: LUNDSTEDT, PETER S

```
DLQ7                        QX  D E L I N Q U E N C Y        07/13/16 01:28:00
DATES: 010101 - 071416   TYPE:           PRINT:       DUE: 06/01/08
      MTGR: PS LUNDSTED  13   CONV. RES.      INV: BCS  LP: 022713  LNP: 050113
      CO-MTGR:              15 LAFAYETTE CT 3A          REMND:     0.00 022713
      PER/CLS/OFF: 0/ /00   GREENWICH CT 06830
-----------------------------* COMMENT MAINTENANCE *---------- PAGE 17 OF 116 -
A DATE   TIME  USR  PROD   EXC CONTACT/RESPONSE/REASON    RECALL   F/B AMT REMIND
  021613 08:09 A@#  N    N                                   :       00.00
         TR1 'TEL PRIM RES   NML NO MESSAGE LEFT
  021513 00:00 ***       N                                   :       00.00
         < ORIGINAL OWNER       CONDITION ON 021313   SPI    >
  021413 08:10 EMP  N    N                                   :       00.00
         AGT DIALER AGENT      CON RIGHT PARTY CNTCT
  021413 08:10 EMP  N    N                                   :       00.00
         <2038610035                                         >
  021413 08:14 #MQ  N    N                                   :       00.00
         <VAI INFO SV TT B1 SAID HE IS GOING TO SAY IN HOME U>
         <NTIL WE FORCLOSRE ON THE HOME  OFFERED WORKOUTS AND >
         <REFUSED ADV OF LC CBR                              >
  021413 08:12 #MQ  N    N                                   :       00.00
         TR1 'TEL PRIM RES   NOP RP UNABLE TO PTP
  021213 16:21 (M2  N    N                                   :       00.00
```

Still calling. Plaintiff was in his house for every call but couldn't pick up the phone.

Look at Jan 5, 2013 above. It says above - broke the payment plan for $11,360 a month when plaintiff could only afford $500. That is incompetent negligence.

And Chase was offering a workout again?  Chase lost all of their credibility with their sure to fail workouts.

**Objection:** *Was Chase even slightly liable the plaintiff?  Did plaintiff experience emotional distress?  Did Chase Cause even some of plaintiffs emotional distress?   Would the jury have made a more reasonable decision had they been able to see this objected to exhibits herein that were left out?*

**OBJECTION:**
**The following documents would have reasonably shown the jury the defendant's liability and causation for plainitffs injuries.**

This document would have shown that Chase agreed to stop calling him but makes a completely untrue statement by stating that plaintiff had a valid, binding and leaglly enforceable obligation to Chase when the prohibited agreement was between plaintiff and Deutsche Bank. Chase was just the servicer. This proves cusation because plaintiff didn't know who owned his loan and that could cause Emotional Distress. See Parker

**CHASE**

Chase Home Finance LLC
2210 Enterprise Drive
SC1-3050
Florence, SC  29501
(888) 310-7995 Home Lending Executive Office

March 4, 2011

Peter S. Lundstedt
15 Lafayette Court, Apartment 3A
Greenwich CT  06830-5310



Re: Loan******7610

Dear Peter S. Lundstedt:

This letter is in response to your telephone call on February 7, 2011, to the Chase Home Lending Executive Office, regarding your mortgage loan.

We attempted to contact you by telephone to discuss this matter on February 8, 2011, and February 9, 2011 and again on February 10, 2011. Unfortunately, you were not available at the time of these calls, but messages were left for you. On February 10, 2011, Chase removed your telephone numbers from our system in an effort to prevent future collection calls to you. In addition, we have also clearly marked your loan to show that you are not to receive collection calls.

Please be advised that it is our position that you have undertaken a valid, binding and legally enforceable obligation to Chase. We will continue to service the loan in accordance with the terms and conditions set forth in the loan documents. Please see enclosed a copy of your HUD-1 Settlement Statement, Truth-In-Lending disclosure, Note, and Notice of Right to Cancel.

Chase's goal is to provide the highest level of quality service. We apologize that we did not meet your expectations. If you have any additional questions, please contact Sonya Youngblood at (888) 310-7995, extension 7848.

Sincerely,

Chase Home Lending Executive Office

Enclosures (4)

Statute of Limitations Defendants' argument that this action is barred by the statute of limitations overlooks the well-established rule that no statute of limitations otherwise applies to mortgage foreclosure actions. See, e.g., Fed. Deposit Ins. Corp. v. Owen, 88 Conn. App. 806, 815, 873 A.2d 1003 (Conn. App. 2005).
If applicable.

Chase says here that plaintiff had undertook a valid, binding and legally enforcable obligation to Chase AND then Chase says they own the debt when Deutsche Bank owned the debt. On which prohibited contract, the Original with a .46 debt to income ratio or the Modified one with 75% debt to income ratio? Then, Chase admits to servicing the loan saying that they will continue to "service" the loan in accordance with the loan documents. Nothing in the loan documents mentions anything about calling hundreds of times. Plaintiff did not sign up for that and that is a breach of contract AND a breach of contract "fraud" executed on March 4, 2011, the date of this letter, which falls within the 3 (fraud) and 6 (contract) year statute of limitations on plaintiffs' 9-26-2013 Federal Complaint

15