UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER LUNDSTEDT | ) | CIVIL ACTION NO. 3:13-CV-01423(AWT) |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A. | ) | |
| | ) | |
| DEFENDANT. | ) | AUGUST 23, 2018 |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

Defendant, JPMorgan Chase Bank, N.A. ("Defendant" or "JPMC"), hereby objects to Plaintiff's Motion for New Trial filed August 22, 2018 (Doc. No. 365.00) (Plaintiff's "Motion").  As detailed below, Plaintiff's disjointed Motion offers no valid legal grounds for a new trial.  Rather, Plaintiff uses his Motion as a vehicle to again complain about the origination of his loan and a 2008 foreclosure action which ended with a judgment of strict foreclosure which entered on September 16, 2013 – two events completely irrelevant to the jury's evaluation of Plaintiff's emotional distress claim relating to phone calls.

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, the Court may grant a new trial "for any reason for which a new trial has herefore been granted in an action at law in federal court." Fed. R. Civ. Pro. 59.  In evaluating a Rule 59 motion, the judge "may weigh the evidence and the credibility of witnesses and not not view the evidence in the light most favorable to the verdict winner." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012).  However, there is a to be a "high degree of

Halloran & Sage LLP
225 Asylum Street,
Hartford, CT 06103

 HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

deference accorded to the jury's evaluation of witness credibility, and that jury verdicts should be disturbed <u>with great infrequency</u>." *Id.* (emphasis added). Moreover, a Rule 59 motion is not "a vehicle for relitigating old issues, presenting the case under new theories, securing or rehearing on the merits, or otherwise taking a second bite at the apple." *Jennings v. Town of Stratford,* 263 F. Supp. 3d 391, 405 (D. Conn. 2017) (internal citations and quotations omitted). Here, Plaintiff is indeed trying to take a second bit at the apple and relitigate old issues. The Motion is ridden with outright rants bereft of legal theory.

Pages 2-5 of Plaintiff's Motion do not address the trial at all. Those pages address the prior foreclosure action and present irrelevant arguments regarding loan origination. Plaintiff's Motion, pp. 2-5.[1] These arguments have appeared throughout the case repeatedly, and have no bearing on Plaintiff's negligent infliction of emotional distress claim. Page 6 addresses the trial itself, where Plaintiff claims he proved emotional distress. *Id.,* p. 6. However, while the jury did agree that Plaintiff suffered from emotional distress, it also found that JPMC did not engage in conduct that it should have known could cause emotional distress and that JPMC ultimately caused no emotional distress. *See* Jury Verdict Form (Doc. No. 352.00). Plaintiff's argument that the jury "hardly saw any of plaintiff's evidence" has no relevance to Plaintiff's instant Motion. Plaintiff's Motion, p. 6. The evidence not presented by Plaintiff is of no concern

---

[1] Due to the confusing nature of Plaintiff's Motion, JPMC attempts to address each portion of the Motion in sequence.

Halloran & Sage LLP
225 Asylum Street,
Hartford, CT 06103

 HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

of the jury or JPMC, and does not relate to the evaluation of the instant Motion.   The Court either precluded it, or Plaintiff opted to not present it.

The next portions of Plaintiff's Motion address his personal history and intimate knowledge of the stock market.   Plaintiff's Motion, pp. 7-9.   Again, this obviously is irrelevant with respect to deciding whether a new trial should be awarded.   Pages 8-15 of Plaintiff's Motion are disjointed and again, continue to complain, rather than apply law, to JPMC's conduct.   *Id.*, p. 8-15.   A mere complaint is nothing more than a second bite at the apple and does not warrant a new trial.

The discussion portion of Plaintiff's Motion begins with an even more misguided and irrational discourse.   Plaintiff discusses the loan agreement itself, foreclosure, default notices, and parties no longer part of the case – nothing of which is at all relevant to the jury's evaluation of Plaintiff's case.   Plaintiff's Motion, pp. 15-21.   As stated above, this was a very straightforward trial concerning emotional distress alleged to be call by only phone calls.   Plaintiff also seems to address the effectiveness of his appointed counsel which is also irrelevant for purposes of Plaintiff's Rule 59 Motion.   *Id.*, p. 21.

Next, Plaintiff sets forth his believed standard for the Court evaluating his Motion. Plaintiff's Motion, pp. 29.   In attempting to apply that standard, Plaintiff repeats that he proved negligent infliction of emotional distress.   *Id.*, p. 30.   Plaintiff's argument then turns medical records, and the admissibility of the same.   *Id.*, pp. 31-34.   Yet, Plaintiff fails to specify the medical records he is referring to and how they are newly discovered

- 3 -

Halloran & Sage LLP
225 Asylum Street,
Hartford, CT 06103

HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

evidence.   Certainly, any medical records addressing Plaintiff's medical conditions would have been known and available to Plaintiff long before the trial.  To consider any medical records surrounding Plaintiff himself to be "newly discovered" is impossible. Plaintiff's Motion can be construed as nothing more than an attempt to relitigate complaints irrelevant to the action itself.  For these reasons, Plaintiff's Motion must be denied.  Plaintiff has failed to set forth any legal theory or set of facts that come even tenuously close to justifying a new trial.

WHEREFORE, for the foregoing reasons, JPMC respectfully requests that the Court deny Plaintiff's Motion for a New Trial (Doc. No. 365).

THE DEFENDANT:
JPMORGAN CHASE BANK, N.A.

By _____
Brian D. Rich
Fed Bar #ct24458
Peter R. Meggers of
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, CT 06103
Fed. Bar #ct29221
Phone: 860-297-4683
Fax:    860-548-0006
rich@halloransage.com
meggers@halloransage.com
Its Attorneys

- 4 -

Halloran & Sage LLP
225 Asylum Street,
Hartford, CT 06103

 HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 23rd of August, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____

Peter R. Meggers

Halloran & Sage LLP
225 Asylum Street,
Hartford, CT 06103

HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 26105