# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER LUNDSTEDT, <br>     *Plaintiff*, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY *et al.*, <br>     *Defendants*. | No. 3:13-cv-01423 (JAM) |

## RULING ON POST-TRIAL MOTIONS

Plaintiff Peter Lundstedt alleges that defendant J.P. Morgan Chase Bank ("the Bank") negligently inflicted emotional distress on him when the Bank called him multiple times with respect to a mortgage debt he owed. A federal jury concluded that Lundstedt did not prove his claim. For the reasons stated in this ruling, I will deny Lundstedt's post-trial motions for judgment as a matter of law, for a new trial, and to amend the judgment.

### BACKGROUND

Lundstedt filed this *pro se* action against several financial institution defendants alleging that he was fraudulently induced to take out a high-interest mortgage loan in 2006 and that he was subject to improper debt collection efforts after he failed to make his payments. Doc. #88. On June 2, 2016, I granted a motion to dismiss all of Lundstedt's claims against all of the defendants except for two claims against defendant J.P. Morgan Chase Bank that arose from Lundstedt's allegations that the Bank improperly called him by telephone hundreds of times to try to collect on the mortgage debt. Doc. #137; *Lundstedt v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 3101999 (D. Conn. 2016). On November 9, 2017, I granted the Bank's motion for summary

1

judgment with respect to one of the remaining claims but denied summary judgment as to Lundstedt's claim for negligent infliction of emotional distress. Doc. #269.

I appointed a *pro bono* attorney to represent Lundstedt solely for purposes of trial. Doc. #306.[1] The case proceeded to trial, and Lundstedt testified about the many telephone calls he had received from the Bank and the effect that these telephone calls had on his emotional condition. The Bank defended in part on the ground that any emotional distress that Lundstedt experienced was due to other stressful events in his life apart from the telephone calls that the Bank made to him. For example, the Bank introduced evidence of Lundstedt's financial distress involving other creditors and Lundstedt's allegations of emotional injury made in lawsuits filed against other parties. *See* Doc. #351 (witness and exhibit list reflecting documents admitted into evidence from *Lundstedt v. Peoples United Bank*, No. 3:14-cv-01479-JAM (D. Conn. 2014), and *Lundstedt v. I.C. System, Inc.*, No. 15-cv-00824-JAM (D. Conn. 2015)).

The jury returned a verdict against Lundstedt on July 18, 2018. Although it concluded that Lundstedt had proven that he had experienced serious emotional distress, it also concluded that Lundstedt had failed to prove that the Bank's conduct involving telephone calls was the cause of his emotional distress. Doc. #352 (jury verdict form).

Following trial and in accordance with the limited scope of the *pro bono* attorney's appointment, I granted Lundstedt's attorney's motion to withdraw. Doc. #358. Lundstedt has filed several *pro se* post-trial motions, including a motion for judgment as a matter of law (Doc. #364), a motion for a new trial (Doc. #365), a motion to alter the judgment (Doc. #367), and a

---

[1] Although Lundstedt proceeded *pro se* prior to the appointment of counsel, he did not proceed *in forma pauperis*, Doc. #32, and I appointed counsel only after Lundstedt failed to follow through on his promise to retain counsel, Doc. #269. I appointed counsel in light of Lundstedt's fragile mental condition (which was evident from his filings and from his demeanor at court appearances) and because I knew that Lundstedt's case would largely depend on his own testimony about what happened and that it would be impractical for Lundstedt to attempt to conduct a direct examination of himself before a jury at trial. Lundstedt's appointed trial counsel was capable, diligent, and prepared, and there is no merit to any of Lundstedt's complaints about the quality of his counsel.

2

motion to set aside the judgment (Doc. #376). The Bank and other defendants have filed objections (Docs. #368, #369, #377).

## DISCUSSION

Under Rule 50, a motion for judgment as a matter of law will be granted only if "a reasonable jury [did] not have a legally sufficient evidentiary basis to find for the party" that prevailed at trial. Fed. R. Civ. P. 50(a)(1). A party seeking judgment on this basis bears a "heavy burden," and will succeed only if "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 52 (2d Cir. 2014). I must view the evidence "in the light most favorable to the party against whom the motion was made and . . . give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014), *as amended* (Nov. 24, 2014). Moreover, notwithstanding a movant's reliance on trial evidence that favored the movant's version of events, a court considering a Rule 50 motion "must disregard all evidence favorable to the moving party that the jury is not required to believe." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014).

Rule 59(a) of the Federal Rules of Civil Procedure provides that the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The standard for granting a motion for a new trial is lower than the standard for granting a Rule 50 motion—a judge "may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012) (citation omitted). Still, the Second

Circuit has emphasized "the high degree of deference [that should be] accorded to the jury's evaluation of witness credibility, and that jury verdicts should be disturbed with great infrequency." *Ibid.* Nor is a motion for a new trial "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). The Court may only grant a motion for new trial "if the jury has reached a seriously erroneous result or [its] verdict is a miscarriage of justice," or "if substantial errors were made in admitting or excluding evidence." *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 202 (2d Cir. 2014).

To establish a claim for negligent infliction of emotional distress, a plaintiff must show that "(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress." *Lundstedt*, 2016 WL 3101999, at *3; *Packer v. SN Servicing Corp.*, 2008 WL 359411, at *12 (D. Conn. 2008); *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 444 (2003).

As noted in defendants' objections, Lundstedt's various post-trial motions delve into a broad range of topics, including the validity of the underlying mortgage and a separate state foreclosure action, as well as stock market strategy. These topics were not the subject of the trial and have nothing to do with whether the trial evidence was sufficient to support the jury's verdict in favor of the Bank. Nor has Lundstedt identified any grounds for me to grant relief from my initial ruling in 2016 that dismissed Lundstedt's claims against the other defendants.

At trial, Lundstedt testified at length and presented additional witness testimony concerning his emotional condition and what the Bank allegedly did to cause his distress. It is evident to me that the jury declined to credit Lundstedt's testimony that the Bank's phone calls to

4

him were the cause of his emotional distress. Lundstedt's motions make no meaningful showing that the jury's verdict was unsupported or the product of a trial error or miscarriage of justice. Indeed, consistent with the Bank's defense at trial that there were many causes of stress in Lundstedt's life beyond any of the phone calls made to him by the Bank, Lundstedt's own post-trial submissions describe how the acts of *other* financial institutions "devastated the plaintiff financially, spiritually and emotionally." Doc. #365 at 14; *see also* Doc. #376 at 24-25 (alleging "emotional" injury "caused" to Lundstedt by another bank in 2006).

To the extent that Lundstedt argues that his trial counsel should have introduced additional medical records (Doc. #364 at 8-13), I agree with the Bank that Lundstedt has not established that any additional medical records would have made any difference to the jury's verdict, premised as it was on the issue of causation. The evidence was sufficient, and Lundstedt has not established grounds as a matter of law or discretion for me to overturn the jury's verdict. In light of my conclusion that the trial verdict was supported by the evidence and not the result of any trial error, I need not consider the Bank's additional argument that Lundstedt failed to timely move for judgment as a matter of law as required under Fed. R. Civ. P. 50(a)(2). *See, e.g.*, *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998).

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff Lundstedt's post-trial motions (Docs. #364, #365, #367, #376).

It is so ordered.

Dated at New Haven this 10th day of February 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge